# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| WAYNE NEAL REMENY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 3:07-0367 |
| v. ) | Judge Echols / Knowles |
| ) | |
| JOHN SWOR and EDWARD ) | |
| ESCAMILLA, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon a Motion to Dismiss filed by Defendant John Swor (Docket Entry No. 11) and a Motion to Dismiss filed by Defendant Edward Escamilla (Docket Entry No. 14). Along with their Motions to Dismiss, Defendants Swor and Escamilla have each contemporaneously submitted a supporting Memorandum of Law. Docket Entry Nos. 12 and 15. Defendants argue that Plaintiff's Complaint must be dismissed because it was untimely filed. Defendants contend that the events of which Plaintiff complains occurred on March 12, 2006, that there is a one year statute of limitations on excessive force claims, thereby requiring the commencement of Plaintiff's action on or before March 12, 2007, and that Plaintiff's Complaint was not filed until April 5, 2007.

Plaintiff has filed a Response arguing that his Complaint is timely because he filed his Application to Proceed In Forma Pauperis on March 12, 2007, one year to the day after the Defendants allegedly subjected him to excessive force. Docket Entry No. 17. Plaintiff contends

1

that he waited for a response from the Court, but after waiting three weeks with no reply, he borrowed the money and paid the filing fee. *Id.*

The record in the case at bar shows that Plaintiff indeed submitted his Application to Proceed In Forma Pauperis and Complaint to this Court on March 12, 2006. *See* Docket Entry Nos. 1 and 2. The record in the case at bar also demonstrates that Plaintiff paid the filing fee on April 5, 2007, and the Complaint was filed with the Court at that time. *Id.* On April 23, 2007, Judge Echols denied Plaintiff's Application to Proceed In Forma Pauperis as moot, since Plaintiff had paid the filing fee on April 5, 2007. Docket Entry No. 4.

The Sixth Circuit has recognized that, where an Application to Proceed In Forma Pauperis is ultimately denied, the statute of limitations is tolled while the Application is pending, but the statute resumes running when the plaintiff receives notice of the denial. *Truitt v. County of Wayne*, 148 F.3rd 644, 647-648 (6th Cir. 1998). Accordingly, the statute of limitations in the case at bar was tolled beginning March 12, 2007, when Plaintiff filed his Application to Proceed In Forma Pauperis. Plaintiff ultimately paid his filing fee during the period when the statute was tolled. Thus, Plaintiff's Complaint was timely filed, and Defendants' Motions to Dismiss (Docket Entry Nos. 11, 14) should be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466,

88 L. Ed. 2d 435 (1985), *reh'g denied,* 474 U.S. 1111 (1986).

_____
E. CLIFTON KNOWLES
United States Magistrate Judge

3

Case 3:07-cv-00367   Document 21   Filed 01/14/08   Page 3 of 3 PageID #: 55