UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

WAYNE NEAL REMENY          ]
    Plaintiff,          ]
              ]
v.          ]          No. 3:07-0367
              ]          Judge Echols/Brown
JOHN SWOR and EDWARD ESCAMILLA          ]
    Defendants.          ]

To: Robert L. Echols, Senior District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

By an order (Docket Entry No. 30) entered March 13, 2008, the Court referred this action to the Magistrate Judge "for further proceedings pursuant to Rule 72(a) and (b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636 (b)(1)(A) and (B)."

Since the entry of that order, the defendants have filed individual Motions for Summary Judgment (Docket Entry Nos. 34 and 40), to which the plaintiff has offered no opposition. The undersigned has carefully reviewed the defendants' motions as well as the record as a whole and recommends, for the reasons stated below, that defendants' Motions for Summary Judgment be GRANTED and that this action should be DISMISSED.

## I. Background

The plaintiff, proceeding *pro se*, is a resident of Nashville, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against John Swor and Edward Escamilla, members of the Nashville Metropolitan Police Department, seeking injunctive relief and damages.

1

In the evening of March 12, 2006, several uniformed Metro police officers, including the defendants, arrived at the plaintiff's residence to serve a warrant for his arrest.[1] The officers knocked on his front door and announced their presence. Docket Entry No. 34-1 at pgs. 6-7. When the officers refused to show the plaintiff the arrest warrant, he told them that he would not let them in the house. *Id.* at pg. 8; Docket Entry No. 34-2 at pg. 2.

The plaintiff became scared and bolted for the bathroom.[2] Docket Entry No. 34-1 at pg. 19. The officers then forced their way into the house. *Id.* at pgs. 11-12. When the plaintiff exited the bathroom and entered the kitchen, he saw "a swarm grabbing me." *Id.* at pgs. 13-14. The plaintiff was handcuffed, placed under arrest and was taken to the Davidson County Criminal Justice Center. At the Criminal Justice Center, the plaintiff refused medical care, even though he now claims that he suffered abrasions and contusions to his knee, toe and foot. *Id.* at pg. 24.

## II. The Complaint

In his complaint (Docket Entry No. 1), the plaintiff has not alleged specific constitutional violations arising from his arrest. Nor has he identified specific acts of misconduct on the part of the defendants.[3] However, it can reasonably be construed from the *pro se* complaint that the plaintiff is questioning the legality of the forced entry into his home and the use of force to bring about his arrest.

---

[1] The arrest warrant was sworn out by a neighbor who had accused the plaintiff of threatening her with serious bodily injury or death. Docket Entry No. 34-3 at pgs. 4-5.

[2] The plaintiff claims that the officers frightened him so badly that he wet his pants trying to get to the bathroom. Docket Entry No. 34-1 at pg. 9.

[3] In the Statement of Facts, Docket Entry No. 1 at pg. 5, Officer Swor is mentioned only as the officer the plaintiff spoke with at the door. Officer Escamilla is never mentioned by name.

2

## III. Legal Standard

**A.) Summary Judgment**

Rule 56(c), Federal Rules of Civil Procedure, provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." In order to prevail on a motion for summary judgment, the moving party must demonstrate that no genuine issue of material fact exists and that judgment as a matter of law should be granted in the moving party's favor. Smith v. Hudson, 600 F.2d 60, 63 (6th Cir. 1979).

In considering a motion for summary judgment, the Court must view all facts and inferences to be drawn therefrom in the light most favorable to the non-moving party. SEC v. Blavin, 760 F.2d 706 (6th Cir. 1985). The non-moving party, however, may not merely rest on conclusory allegations contained in the complaint, but must respond with affirmative evidence supporting its claims and establishing the existence of a genuine issue of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 324 (1986).

Not every factual dispute between the parties though will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant

3

probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 288-289 (1968).

**B.) Failure to Respond to the Defendants' Motions for Summary Judgment**

Officer Swor filed his Motion for Summary Judgment (Docket Entry No. 34) on May 9, 2008 while Officer Escamilla filed his Motion for Summary Judgment (Docket Entry No. 40) on May 20, 2008. The plaintiff has to date neglected to file a response to either motion. In the Scheduling Order (Docket Entry No. 16) entered by Magistrate Judge Knowles, the plaintiff was forewarned that dire consequences could result from a failure to respond to the defendants' dispositive motions. More specifically, the plaintiff was informed:

> *Plaintiff is forewarned that dispositive motions must be responded to within thirty (30) days unless an extension is granted by the Court, and that failure to respond to the motion and to statements of facts may result in the Court taking the facts alleged in the matter as true and granting the relief requested* (emphasis added). In responding, plaintiff may not just rely on the complaint. Plaintiff must show there is a material dispute of fact with citation to the record, affidavits or other matter of evidence. Plaintiff should read and comply with Federal Rule of Civil Procedure 56 and Local Rule 56.01.

Docket Entry No. 16 at pgs. 3-4.

When a non-moving party does not respond to a motion for summary judgment, summary judgment, if appropriate, shall be entered against the non-moving party. Rule 56(e), Fed. R. Civ. P.; *See also* Bennett v. Dr. Pepper/Seven-Up, Inc., 295 F.3d 805 (8th Cir. 2002) (dismissal of *pro se* complaint was affirmed after the plaintiff had failed to respond to defendants' motion for summary judgment).

### IV. Analysis of the Claims

In order to state a claim for relief under 42 U.S.C. § 1983, the plaintiff must allege that the

defendants, while acting under color of state law, deprived him of a right or privilege guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

### A.) Forced Entry into Plaintiff's Home

The plaintiff first suggests that the defendants violated his rights by forcing their way into his home in order to serve him with an arrest warrant. The Fourth Amendment protects "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." Hence, the question becomes whether the defendants acted reasonably when they entered the plaintiff's residence.

If there is sufficient evidence of a citizen's participation in a crime to persuade a judicial officer that his arrest is justified, it is constitutionally reasonable to require that citizen to open his door to police officers. "Thus, for Fourth Amendment purposes, an arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe that the suspect is within." Payton v. New York, 445 U.S. 573, 603 (1980).

In this case, the plaintiff's neighbor, Kim Vinett, told a Night Commissioner that the plaintiff had threatened her with death or serious bodily injury. Docket Entry No. 34-3 at pgs. 10-11. A facially valid warrant for the plaintiff's arrest was then issued based upon this information. Several police officers, including the defendants, arrived at the plaintiff's residence to serve him with the warrant. They knocked at his door and announced to him their purpose for being there. See Wilson v. Arkansas, 514 U.S. 927, 930 (1995)( the "knock and announce" principle forms part of the reasonableness inquiry under the Fourth Amendment). After the plaintiff stated that he would not grant them entry, the officers forcibly entered the plaintiff's residence and placed him under arrest.

5

From all the undisputed facts, it appears that the defendants were acting in a wholly reasonable manner when they forced entry into the plaintiff's home to effectuate his arrest. They approached the plaintiff with a facially valid arrest warrant, knocked on his door and announced their reason for being there. They gave the plaintiff an opportunity to open the door and accept service of the warrant. Instead, the plaintiff demonstrated his desire to evade arrest and forced the defendants to enter plaintiff's home without his permission. Thus, as a matter of law, the defendants did not violate the plaintiff's Fourth Amendment rights when they forcefully entered his residence and placed him under arrest.

**B.) Excessive Use of Force**

The plaintiff also seems to be suggesting that the defendants used excessive force during the course of his arrest In his own words, the plaintiff alleges that "I came out of my bathroom , where I was roughed and cuffed in the middle room of the right side of my residence". Docket Entry No. 1 at pg. 5. More specifically, the plaintiff states "The next thing I know, they're stepping on my left foot and holding me down and grabbing me here and yeah, yeah, yeah, and all that." Docket Entry No. 34-1 at pg. 12.

Excessive force claims within the context of an arrest or investigatory stop are governed by the objective reasonableness standard found in the Fourth Amendment. Graham v. Connor, 490 U.S. 386 (1989). The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. Matthews v. Jones, 35 F.3d 1046, 1050 (6th Cir. 1994). The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second decisions about the amount of force to use in circumstances that are tense, uncertain and rapidly evolving. Graham, *supra* at 109 S.Ct.

1872.

The officers were faced with an unwilling suspect who refused to grant them entry and then fled to another part of the house. These officers did not know whether the plaintiff was armed or whether he intended to resist the arrest with force. When the opportunity presented itself, they grabbed the plaintiff and held him down while he was being handcuffed. There are no allegations of gratuitous force or violence being used on the plaintiff during his arrest. Nor were the plaintiff's injuries so serious as to require any type of medical assistance.[4] As a consequence, it does not appear that the defendants and their fellow officers used an unreasonable amount of force to arrest the plaintiff.

To avoid summary judgment, the plaintiff must present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. First National Bank of Arizona, *supra*. The plaintiff has failed to meet this burden. Accordingly, summary judgment would be appropriate in this instance.


## R E C O M M E N D A T I O N

For the reasons stated above, the Magistrate Judge finds merit in the defendants' Motions for Summary Judgment. Accordingly, the undersigned respectfully RECOMMENDS that the motions be GRANTED and that this action should be DISMISSED.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice and must state with particularity the specific portions

---

[4] The plaintiff admits that he can not identify either of the defendants as someone who caused any of his injuries. Docket Entry No. 34-1 at pg. 12.

Case 3:07-cv-00367   Document 44   Filed 07/07/08   Page 7 of 8 PageID #: 165

of the Report and Recommendation to which objection is made. Failure to file written objections within the specified period of time may be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See* <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Joe B. Brown
United States Magistrate Judge

8